UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TREJOS HERMANOS SUCESORES S.A.,

               Plaintiff,

  -against-

VERIZON COMMUNICATIONS INC.,

               Defendant.

------------------------------------------------------------x

Case No. __21cv8928_____

**NOTICE OF REMOVAL**

**DEFENDANT VERIZON COMMUNICATIONS INC.'S NOTICE OF REMOVAL**

Defendant Verizon Communications Inc. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant states as follows:

**THE REMOVED ACTION**

1. On October 26, 2021, Plaintiff Trejos Hermanos Sucesores S.A. filed a Motion for Summary Judgment in Lieu of Complaint ("Mot.") in the Supreme Court of the State of New York, New York County (Index No. 656161/2021). The state court docket is attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a). Defendant has not been served with the Motion nor any other process, pleadings or orders.

2. This action is for domestication and enforcement of a Costa Rican judgment. A Costa Rican tribunal awarded Plaintiff damages against Defendant in the amount of $51,355,812 (USD) relating to a contract to print telephone directories in Costa Rica (although Defendant was not a party to that contract). Ex. A, Mot. at 2. Plaintiff seeks domestication and enforcement of

the judgment in New York (CPLR §§ 5302 and 5303) in expedited fashion through a Motion for Summary Judgment in Lieu of Complaint (CPLR § 3213).

3. No additional pleadings have been filed in this matter. No proceedings have occurred in the Supreme Court of New York that have been served upon Defendant. No affidavits of service on Defendant have been filed, and no counsel have appeared on behalf of Defendant.

## GROUNDS FOR REMOVAL

4. Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's action. There is complete diversity between the parties and the amount in controversy exceeds $75,000. Removal is proper under 28 U.S.C. §§ 1441 and 1446.

## DIVERSITY OF CITIZENSHIP

5. This action is removable because the requirements of 28 U.S.C. § 1332 for diversity jurisdiction are met. There is complete diversity of citizenship for purposes of federal jurisdiction.

6. Defendant is "a company incorporated in the State of Delaware and headquartered in New York City." Ex. A, Mot. at 3. Defendant is therefore a citizen of both Delaware and New York. *See* 28 U.S.C. § 1332(c)(1); *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).

7. Plaintiff is a "Costa Rican company" and thus a citizen of Costa Rica. *See* Ex. A, Affidavit of Rolando Laclé Zúñiga ¶ 2.

8. Therefore, there is complete diversity. *See* 28 U.S.C. § 1332(a)

## AMOUNT IN CONTROVERSY

9. The amount in controversy exceeds $75,000, as Plaintiff alleges that "the final figure of damages owed to [Plaintiff] as of October 15, 2021 is USD 93,970,866." Ex. A, Mot. at 9; *see* 28 U.S.C. § 1446(c)(2).

## REMOVAL TO FEDERAL COURT PRIOR TO SERVICE ON A HOME-STATE DEFENDANT IS PROPER

10. Defendant is not barred from removing from New York state court under Section 1441(b)(2). *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.").

11. Because Plaintiff has not properly joined and served any home-state Defendant, removal to this Court is proper.

## REMOVAL TO THIS DISTRICT IS PROPER

12. Removal to this District is proper because the Supreme Court of the State of New York, County of New York, where the underlying state action was filed, is within the Southern District of New York. *See* 28 U.S.C. § 1446(a).

## DEFENDANT WILL COMPLY WITH THE WRITTEN NOTICE REQUIREMENT

13. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the state court action is pending.

## RESERVATION OF RIGHTS

14. By filing this Notice of Removal, Defendant does not waive and expressly reserves any rights, claims, actions, defenses, arguments, or set-offs to which it is or may be

entitled in law or at equity, including any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure. Defendant does not concede that Plaintiff has pleaded any claim upon which relief may be granted. Defendant reserves the right to amend or supplement this Notice as may be appropriate.

Wherefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, New York County. Defendant respectfully requests that the Court enter such orders and grant such other and further relief as may be necessary to effectuate the removal.

Dated: New York, New York
November 1, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Anne Champion*
Anne Champion

200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
AChampion@gibsondunn.com

Scott A. Edelman *(pro hac vice forthcoming)*
Perlette Michèle Jura *(pro hac vice forthcoming)*
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
SEdelman@gibsondunn.com
PJura@gibsondunn.com

*Attorneys for Defendant Verizon Communications Inc.*