UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREJOS HERMANOS SUCESORES S.A., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 1:21-CV-08928 (RA) |

### NOTICE OF MOTION FOR SUMMARY JUDGMENT

Plaintiff Trejos Hermanos Sucesores S.A. ("Trejos Hermanos") respectfully submits this Motion for Summary Judgment pursuant to New York Civil Practice Law and Rules ("CPLR") 3213 and 5303 and Federal Rule of Civil Procedure 56. The motion is supported by the accompanying Memorandum of Law, the Affidavit of Rolando Laclé and exhibits thereto, and the Report of Grant Thornton Int'l Ltd. Plaintiff respectfully moves this Court for an Order:

(a) granting summary judgment in favor of Plaintiff

(b) recognizing, domesticating, and enforcing the final and conclusive foreign country judgment rendered by the Tribunal Contencioso Administrativo y Civil de Hacienda in Costa Rica on July 19, 2017 (the "Judgment");

(c) setting a date for final calculation of the statutory adjustments owed under the Judgment;

(d) setting a date by which Plaintiff should submit the updated calculation to the Court;

(e) directing the Clerk of the Court to enter judgment in favor of Trejos Hermanos against Verizon Inc. in the final amount so calculated; and

1

(f) imposing post-judgment interest from the date of entry until payment granting Plaintiff summary judgment against Defendant;

(g) granting such other and further relief this Court deems just and proper.

Dated: November 15, 2021

WILLIAMS & CONNOLLY LLP

By: _____
Ana C. Reyes (admission papers forthcoming)
Benjamin W. Graham (Bar No. BG1195)
650 Fifth Avenue, Suite 1500
New York, NY 10019
Tel.: (202) 434-5000
Fax: (202) 434-5029
Email: bgraham@wc.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

                                                                       */s/ Benjamin W. Graham*
                                                                       Benjamin W. Graham

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREJOS HERMANOS SUCESORES S.A.,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 1:21-CV-08928 (RA) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

WILLIAMS & CONNOLLY LLP

Ana C. Reyes (admission papers forthcoming)
Benjamin W. Graham (Bar No. BG1195)
650 Fifth Avenue, Suite 1500
New York, NY  10019
Tel.:  (202) 434-5000
Fax:   (202) 434-5029
bgraham@wc.com

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2

    A.    The Parties. ...................................................................................................... 2

    B.    Relationship Between the Parties. .................................................................... 3

    C.    Verizon LLC Breaches Its Contract with the Institute. .................................... 4

    D.    Verizon LLC Wrongfully Terminates the Contract with Trejos Hermanos. ........... 5

    E.    The Tribunal Contencioso Holds Verizon Inc. Jointly and Severally Liable. ......... 6

    F.    The Tribunal Contencioso Awards Damages to Trejos Hermanos. ....................... 6

    G.    Verizon Inc. Appeals the Judgment to the Supreme Court of Justice. .................. 9

LEGAL STANDARD ............................................................................................................ 11

ARGUMENT .......................................................................................................................... 12

I.    TREJOS HERMANOS IS ENTITLED TO SUMMARY JUDGMENT. ............................ 12

    A.    The Judgement Is Final and Conclusive. ............................................................. 13

    B.    No Grounds for Non-Recognition Exist. ............................................................ 15

    C.    None of the Discretionary Grounds for Non-Enforcement Applies. .................... 18

CONCLUSION ....................................................................................................................... 20

# TABLE OF AUTHORITIES

*Abu Dhabi Commercial Bank PJSC v. Saad Trading, Contracting & Fin. Servs. Co.*,
  986 N.Y.S.2d 454 (1st Dep't 2014) ...................................................................... 11, 12

*Atl. Ship Supply, Inc. v. M/V Lucy*,
  392 F. Supp. 179 (M.D. Fla. 1975) ............................................................................ 15

*Borja v. Dole Food Co., Inc.*,
  2002 WL 31757780 (N.D. Tex. Nov. 29, 2002) ........................................................ 15

*Bridgeway Corp. v. Citibank*,
  45 F. Supp. 2d 276 (S.D.N.Y. 1999) .......................................................................... 15

*Canadian Imperial Bank of Com. v. Saxony Carpet Co., Inc.*,
  899 F. Supp. 1248, 1254 (S.D.N.Y. 1995) ................................................................. 12

*Chevron Corp. v. Naranjo*,
  667 F.3d 232, 239 (2d Cir. 2012) ............................................................................... 12

*City of Almaty v. Ablyazov*,
  278 F. Supp. 3d 776, 803 (S.D.N.Y. 2017) ................................................................ 11

*Canales Martinez v. Dow Chem. Co.*,
  219 F. Supp. 2d 719 (E.D. La. 2002) ......................................................................... 15

*CDR Creances, S.A.S. v. Cohen*,
  23 Misc. 3d 1102(A) (Sup. Ct., N.Y. Cnty. 2009) ..................................................... 14

*CIBC Mellon Tr. Co. v. Mora Hotel Corp. NV*,
  100 N.Y.2d 215 (2003) ......................................................................................... 12, 14

*Dresdner Bank AG v. Haque*,
  161 F. Supp. 2d 259, 264 (S.D.N.Y. 2001) ................................................................ 12

*Dunster Properties Ltd. v. Roc Apparel Group LLC*,
  No. 0600895/2007, 2007 WL 4476792 (Sup. Ct., N.Y. Cnty. Dec. 17, 2007) ..... 13, 14

*Fairchild, Arabatzis & Smith, Inc. v. Prometco (Produce & Metals) Co.*,
  470 F. Supp. 610 (S.D.N.Y. 1979) ............................................................................. 16

*Genesi v. Int'l Portfolio, Inc.*,
  No. 12 Civ. 5462(RA), 2012 WL 5964391, at *2 (S.D.N.Y. Nov. 29, 2012) ............ 11

*Griffith v. Gonzales-Alpizar*,
  421 P.3d 282 (Nev. 2018) ........................................................................................... 15

*Hilton v. Guyot*,
  159 U.S. 113, 163-64 (1895) ...................................................................................... 12

*ICC Chem. Corp. v. TCL Indus. (Malaysia) SDN*,
 206 F. App'x 68 (2d Cir. 2006) ..........................................................................16, 17, 18, 19

*In re B-E Holdings, Inc.*,
 228 B.R. 414 (E.D. Wis. Bankr. 1999) ..............................................................................14

*Interman Indus. Prods., Ltd. v. R.S.M Electron Power, Inc.*,
 37 N.Y.2d 151 (1975) ........................................................................................................11

*John Galliano, SA. v. Stallion, Inc.*,
 15 N.Y.3d 75 (2010) ..........................................................................................................12

*Laminoirs-Trefileries-Cableries de Lens, S. A. v. Southwire Co.*,
 484 F. Supp. 1063 (N.D. Ga. 1980) ...................................................................................14

*Mailänder Druckmaschinenfabrik GmbH & Co. K. G. v. Isenschmid Corp.*,
 88 A.D.2d 654 (2nd Dep't 1982) .......................................................................................11

*McLane v. Marriott Inter., Inc.*,
 960 F. Supp. 2d 1351 (S.D. Fla. 2013) ..............................................................................15

*Miller v. Steloff*,
 686 F. Supp. 91, 93 (S.D.N.Y. 1988) .................................................................................11

*Obra Pia Ltd. V. Seagrape Invs. LLC*,
 No. 19-CV-7840(RA), 2020 WL 5751195, at *18 (S.D.N.Y. Sept. 25, 2020) ..................12

*Pariente v. Scott Meredith Literary Agency, Inc.*,
 771 F. Supp. 609 (S.D.N.Y. 1991) ....................................................................................14

*Priscilla v. EFT Holdings, Inc.*,
 2016 WL 6026766 (Sup. Ct., N.Y. Cty. Oct. 5, 2016) ......................................................12

*Proyectos Orchimex de Costa Rica, S.A. v. E.I. du Pont de Nemours & Co.*,
 895 F. Supp. 1197 (M.D. Fla. 1995) ..................................................................................15

*Really Useful Grp. v. Option Clause Entm't LLC*,
 2016 WL 3485381 (Sup. Ct., N.Y. Cty. June 23, 2016) ....................................................12

*S.B. v. W.A.*,
 38 Misc.3d 780, (Sup. Ct., Westchester Cnty. 2012) ........................................................18

*Sarl Louis Feraud Int'l v. Viewfinder Inc.*,
 406 F. Supp. 2d 274 (S.D.N.Y. 2005) ...............................................................................18

*S.C. Chimexim SA. v. Velco Enters. Ltd*,
 36 F. Supp. 2d 206 (S.D.N.Y. 1999) ...........................................................................12, 17