SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, COMMERCIAL DIVISION

---

TREJOS HERMANOS SUCESORES S.A.,

Plaintiff,

v.

VERIZON COMMUNICATIONS, INC.,

Defendant.

Index No. _____

Filed: October 26, 2021

**AFFIDAVIT OF ROLANDO LACLÉ ZÚÑIGA**

---

**Rolando Laclé Zúñiga**, an attorney duly admitted to practice law, hereby affirms the truth of the following under penalty of perjury

1.  I am an attorney licensed to practice law in Costa Rica. I have been admitted to the bar for more than thirty years. I have prepared this affidavit in English. I am familiar with the facts herein and base this affidavit upon my knowledge and understanding of the legal system in Costa Rica and the records of the proceedings brought by Trejos Hermanos Sucesores S.A. ("Trejos Hermanos") against Verizon Communications, Inc. ("Verizon Inc.") before the Tribunal Contencioso Administrativo y Civil de Hacienda in Costa Rica (the "Tribunal Contencioso").

2.  Trejos Hermanos Sucesores S.A. is a Costa Rican company founded in 1912 by the four Trejos brothers. It operated in the printing business and, more specifically, in the printing of telephone directories throughout the Caribbean. On 15 December 2008, it filed suit against Verizon Inc. before the Tribunal Contencioso. A true and correct copy of the Complaint is attached as **Exhibit A**.

3.  The Tribunal Contencioso conducted a trial of Trejos Hermanos's claims on 28 and 29 June 2017. It rendered its decision on 19 July 2017. A true and correct copy of the foreign judgment entered by the Tribunal Contencioso in favor of Trejos Hermanos against

1

Verizon Inc. is attached as **Exhibit B**. The Judgment is "final, conclusive and enforceable" under Costa Rican law.

4. In Costa Rican litigation, damages calculations are typically submitted with the filing of the complaint. Trejos Hermanos submitted expert testimony with its Complaint, which calculated its damages with a cut-off date of 31 August 2008.

5. In its judgment, the Tribunal Contencioso awarded principal damages, along with indexing, interest, and legal costs. Each of those components is readily calculable based on statutory rates. For indexing, courts use the prime rate of first-rate international banks to bring the value of the submitted damages figures up to the present-day value on the date of the judgment. For net interest, courts base the rates set in Article 1163 of the Civil Code—i.e., the six-month bank-deposit rate in US dollar. For legal costs, fees are established pursuant to Executive Decree No. 32493-J of 9 March 2005. The Decree calculates fees for trial proceedings by percentage of the damages awarded:

    a. Twenty percent for damages up to 15 million Colones

    b. Fifteen percent for damages between 15 million and 75 million Colones.

    c. Ten percent for damages above 75 million Colones.

Additionally, when a case proceeds to the Supreme Court of Justice, the fees are increased by twenty-five percent.

6. The Tribunal Contencioso did not calculate the indexing, interest, and legal costs. That is normal practice. If Trejos Hermanos presented the Judgment for enforcement in Costa Rica, those amounts would be calculated as a routine matter according to statutory rates.

7. Following the trial and entry of judgment, Verizon Inc. filed a *casacion* on the decision of the Tribunal Contencioso to the Supreme Court of Justice on 4 September 2017. In

Costa Rican practice, a *casacion* is a form of appeal that addresses legal issues and does not reconsider the factual findings of the first-instance court. The Supreme Court of Justice is the highest and final court of appeal in Costa Rica. The First Chamber of the Supreme Court of Justice rendered its decision on 25 June 2020. A true and correct copy of that decision is attached as **Exhibit C**.

8. On 17 and 20 July 2020, Verizon Inc. filed a request for clarification with the Supreme Court, effectively seeking to reargue or urge reconsideration of the Court's prior decision. The Supreme Court of Justice rendered its decision on this second appeal on 9 March 2021. A true and correct copy of that decision is attached as **Exhibit D**. Verizon Inc. has exhausted its avenues of appeal in Costa Rica.

9. Finally, **Exhibit E** is a true and correct copy of the guaranty executed by GTE Corp., by which it accepted joint liability for the obligations of the GTE Consortium in connection with their bid to the Costa Rican Institute of Electricity.

Dated: San Jose, Costa Rica
26 October 2021

Rolando Laclé Zúñiga