UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREJOS HERMANOS SUCESORES S.A., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 1:21-cv-08928 (RA) |

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS

In support of its motion for summary judgment and pursuant to Local Civil Rule 56.1, Plaintiff Trejos Hermanos Sucesores S.A. ("Trejos Hermanos") submits the following statement of material facts as to which there is no genuine dispute.

**A.  The Costa Rican Courts Entered a Final Judgment Against Verizon Inc.**

1. Trejos Hermanos is an entity organized and existing under the laws of Costa Rica. Laclé Aff. ¶ 2.

2. Verizon Communications, Inc. ("Verizon Inc.") is a company incorporated in the State of Delaware and headquartered in New York City. *See* ECF No. 1, Notice of Removal.

3. On December 15 2008, Trejos Hermanos filed a lawsuit against the Costa Rican Institute of Electricity, Verizon Inc., and its subsidiary Verizon Information Service Costa Rica LLC ("Verizon LLC") before the Tribunal Contencioso Administrativo y Civil de Hacienda in Costa Rica. *See* Laclé Aff. ¶ 2; Laclé Ex. A, Complaint.

4. Verizon Inc. appeared before the Tribunal Contencioso and defended the suit. *See* Laclé Aff. ¶ 3; Laclé Ex. B, Judgment at 2.

5. Following trial, the Tribunal Contencioso entered judgment on July 19, 2017 (the "Judgment") in favor of Trejos Hermanos and against Verizon Inc. and its subsidiary Verizon

LLC, holding them jointly and severally liable. Laclé Ex. B, Judgment at 1, 95.

6. The Tribunal Contencioso entered judgment in the principal amount of USD 51,355,812, along with statutory adjustments for indexation, interest, and legal fees. *Id.* at 94–95; *see also* Grant Thornton Rep.

7. Each of the statutory adjustments are readily calculable based on statutory rates and indexes. *See* Grant Thornton Rep.

8. The indexing adjustment accounts for inflation and adjusts the figures to present-day dollar figures as of the date of the judgment. Laclé Aff. ¶ 5. Under Costa Rican law, the adjustment for indexation uses the prime rate of first-rate international banks. *Id.* One can calculate the indexing adjustment by applying the prime rate to the principal sum of damages over the number of days between the judgment date and the payment date. *See* Grant Thornton Report, App'x A.

9. The interest adjustment accounts for the lost time-value of money before the judgment. Laclé Aff. ¶ 5. Under Costa Rican law, interest is calculated using the six-month bank-deposit rate in US dollars. *Id.* The adjustment for net interest is calculated by subtracting the consumer price index from the interest rate, which eliminates the effect of inflation. *See* Grant Thornton Rep., App'x B.

10. Under Costa Rican law, the award of legal costs is calculated by applying published rates to the amount of the judgment. Laclé Aff. ¶ 5. The rates are set forth in Executive Decree No. 32493-J of 9 March 2005. *Id.* The Decree calculates fees for trial proceedings by percentage of the damages awarded:

    a. Twenty percent for damages up to 15 million Colones

    b. Fifteen percent for damages between 15 million and 75 million Colones.

c. Ten percent for damages above 75 million Colones.

*Id.* Additionally, when a case proceeds to the Supreme Court of Justice, the fees are increased by twenty-five percent. *Id.*

11. Using a calculation date of October 15, 2021, indexing brings Trejos Hermanos's damages figure to USD 76,432,427; pre-judgment interest on net profits increases that figure by USD 7,089,284; and statutory legal fees and costs amount to USD 10,449,155. Grant Thornton Rep. at 1. The value of the Judgment as of October 15, 2021 was USD 93,970,866. *Id.*

**B.    Verizon Inc. Appealed the Judgment and Lost.**

12. Verizon Inc. timely filed an appeal to the Supreme Court of Justice on September 4, 2017, arguing several grounds of error. Laclé Aff. ¶ 7; Laclé Ex. C, Appellate Decision. The Supreme Court of Justice heard argument on the appeal and rendered its decision on June 25, 2020. Laclé Ex. C, Appellate Decision.

13. On appeal, Verizon Inc. argued that the Master Purchase Agreement between Verizon LLC and Trejos Hermanos contained an arbitration clause that divested the Tribunal Contencioso of subject-matter jurisdiction. *Id.* at 3–4. The Supreme Court of Justice rejected this argument, holding that the Tribunal Contencioso had subject-matter jurisdiction over these claims due to their relationship to the Institute, a public entity. *Id.*

14. Verizon Inc. also argued that the Tribunal Contencioso lacked subject-matter jurisdiction because the issues decided were matters of private law, not public law. *Id.* at 3–4. The Supreme Court rejected this argument, holding that the Tribunal Contencioso acted within its competence because its ruling turned on "the termination of the administrative contract" with the Institute and that the Master Purchase Agreement between Verizon LLC and Trejos Hermanos was a "subcontract[] for the execution of the contract" with the Institute. *Id.* at 3.

3

15. Verizon Inc. raised several other grounds for appeal that the Supreme Court of Justice considered and rejected, covering the interpretation of applicable law, the temporal scope of the damages calculation, the effect of contractual liability exclusions, the nature of subcontracting under Costa Rican law, the admissibility of certain expert testimony, the application of a statute of limitations, and a general objection to the trial court's assessment of the evidence. *Id.* at 4–8. The Supreme Court of Justice rejected these grounds for appeal. *Id.*

16. Verizon Inc. has exhausted its appellate rights in Costa Rica. Laclé Aff. ¶ 8.

**C.     The Judgment Is Enforceable Under New York Law.**

    **1.     CPLR § 5302**

17. The Judgment grants recovery of a sum of money. *See* Laclé Ex. B, Judgment.

18. The Judgment is not a judgment (i) for taxes; (ii) for a fine or penalty; or (iii) rendered in connection with domestic relations. *See* Laclé Ex. B, Judgment.

19. The Judgment is final, conclusive, and enforceable in Costa Rica. Laclé Aff. ¶ 3.

    **2.     CPLR § 5304(a)**

20. Costa Rica's judicial system provides impartial tribunals and procedures compatible with the requirements of due process of law. *See* U.S. Dept. of State, Country Report on Human Rights Practices, Costa Rica, 2020 (released Mar. 30, 2021), *available at* https://www.state.gov/reports/2020-country-reports-on-human-rights-practices/costa-rica/.

21. The Tribunal Contencioso had personal jurisdiction over Verizon Inc., which received notice of the suit, appeared before the Tribunal Contencioso, and defended the suit through trial and appeal. Laclé Aff.; Ex. B, Judgment at 5.

22. As decided by the Supreme Court of Justice as a matter of Costa Rican law, the Tribunal Contencioso had subject-matter jurisdiction over Trejos Hermanos's claims against Verizon Inc. Laclé Ex. C, Appellate Decision at 3–4.

### 3. CPLR § 5304(b)

23. Verizon Inc. received notice of the proceeding in the Tribunal Contencioso in sufficient time to enable it to defend.

24. The Judgment was not obtained by fraud.

25. The cause of action on which the Judgment is based is not repugnant to the public policy of the State of New York or of the United States.

26. The Judgment does not conflict with another final and conclusive judgment.

27. There is no arbitration agreement between Trejos Hermanos and Verizon Inc., and the proceeding in the Costa Rican courts was not contrary to an agreement between Trejos Hermanos and Verizon Inc. under which the dispute in question was to be determined otherwise than by a proceeding in the Tribunal Contencioso.

28. The Tribunal Contencioso was not a seriously inconvenient forum for trial.

29. The Judgment was not rendered in circumstances that raise substantial doubt about the integrity the Costa Rican courts with respect to the Judgment

30. The proceeding in Costa Rica was compatible with due process of law.

31. The cause of action did not result in a defamation judgment.

Dated: November 15, 2021

WILLIAMS & CONNOLLY LLP

By: /s/ Ben Graham

Ana C. Reyes (admission papers forthcoming)
Benjamin W. Graham (Bar No. BG1195)
650 Fifth Avenue, Suite 1500
New York, NY 10019
Tel.: (202) 434-5000
Fax: (202) 434-5029
Email: bgraham@wc.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

                                               _/s/ Benjamin W. Graham_
                                               Benjamin W. Graham