UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREJOS HERMANOS SUCESORES S.A.,

                              Plaintiff,

-against-

VERIZON COMMUNICATIONS INC.,

                              Defendant.

1:21-cv-08928 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On December 16, 2022, Plaintiff filed a letter-motion requesting that the Court strike the declaration of Marvin Cespedes and all references to that declaration in Defendant's summary judgment opposition brief and Rule 56.1 response because they contain Cespedes' undisclosed expert testimony. *See* ECF No. 58. Defendant filed a letter response on December 21, 2022, contending that Cespedes' testimony is factual in nature, Plaintiff's request is procedurally improper, and even if Cespedes' testimony is expert in part, only those portions that provide expert testimony should be stricken. *See* ECF No. 60. For the following reasons, the Court GRANTS in part and DENIES in part Plaintiff's request.

      Generally, a witness may testify as to items to which that witness has personal knowledge. *See* Fed. R. Evid. 602. With respect to opinion testimony, unless a witness is testifying as an expert, the testimony may "not [be] based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701. Neither expert nor fact testimony may "provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 48-49 (S.D.N.Y. 2016) (striking testimony to the extent it "reads more like [a] lawyer's argument" and purports to analyze or apply the law) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d

461, 469 (S.D.N.Y. 2005)); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 65 (S.D.N.Y. 2001) (noting that a witness offered as a foreign law expert may provide limited legal opinions as to foreign law but not legal conclusions).

Courts may "exercise discretion and caution" to preclude untimely expert testimony. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) (finding that an affirmation would "not be considered on th[e] motion for summary judgment because plaintiff failed to disclose the witness pursuant to Fed. R. Civ. P. 26(a)"); *see Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 99 (S.D.N.Y. 2002) (noting that preclusion "is a matter within the trial court's discretion" but is generally "disfavored"). Federal Rule of Civil Procedure ("Rule") 37(c)(1) provides that where "a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." *See Am. Stock Exch., LLC*, 215 F.R.D. at 93 (holding that the "burden to prove substantial justification or harmlessness rests with the dilatory party").

Where a declaration contains both lay testimony and impermissible expert or legal testimony, courts may preclude the latter while considering those portions that contain proper lay testimony. *See, e.g.*, *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2012 WL 5457681, at *6 (S.D.N.Y. Nov. 8, 2012) (granting motion to strike a declaration filed in opposition to a summary judgment motion "to the extent that it offers any" expert testimony because the declarant "was never disclosed as an expert"); *Scott*, 315 F.R.D. at 48-49 (precluding portions of testimony that were impermissibly legal in nature).[1]

---

[1] While Defendant argues that the applicable federal rules do not provide for "striking" record evidence or portions of summary judgment briefing, Defendant concedes that courts may "preclude[e]" or decline to consider such evidence and briefing under Rules 26(a)(2)(A) and 37(c) to the extent they contain undisclosed expert testimony. ECF No. 60 at 3.

Here, Plaintiff has asked the Court to strike the entirety of the Cespedes declaration as untimely expert testimony.  *See* ECF No. 58.  Defendant maintains that the entire Cespedes declaration is factual in nature.  *See* ECF No. 60.  Assuming the Cespedes declaration contains expert testimony, Defendant does not argue that the failure to disclose Cespedes as an expert was substantially justified or is harmless.  *See id*.

Defendant did not timely disclose Cespedes as an expert.  By Order dated July 8, 2022, the Court required Defendant to, by September 19, 2022, "disclose the expert reports it intends to use in opposition to Plaintiff's summary judgment motion."  ECF No. 43.  Defendant does not dispute that it did not disclose Cespedes as an expert by that deadline.  *See* ECF No. 60.  Accordingly, Cespedes was not timely disclosed as an expert pursuant to the Court's Order.

The Court finds that portions of the Cespedes declaration are factual in nature, *see, e.g.*, ECF No. 55 ¶ 10 (providing factual description of action filed against declarant's client), ¶ 18 (setting forth the positions held by members of Plaintiff's legal team), ¶ 31 (describing in a factual manner action taken by the declarant related to the underlying litigation in Costa Rica).  *See, e.g.*, *United States v. Scali*, No. 16-cr-00466 (NSR), 2018 WL 543584, at *3 (S.D.N.Y. Jan. 23, 2018) (finding attorneys' statements were factual and not expert in nature because they "simply provide[d] background information" while describing "their personal accounts" and were not "opining on the propriety or impropriety" of conduct).

Other portions of the Declaration contain opinion testimony that is more akin to expert testimony and/or impermissibly interprets and applies Costa Rican law.  *See, e.g.,* ECF No. 55 ¶¶ 5, 7, 9, 26-28 (setting forth legal conclusions about what "should have" occurred under Costa Rican law, or opining as to case law or procedural law in Costa Rica).  This testimony – and other similar testimony in the declaration – is improper lay testimony because it is based on

3

Cespedes' technical, specialized knowledge as an attorney and constitutes legal analysis and conclusions.  *See* Fed. R. Evid. 701 (providing that non-expert, lay testimony may "not be based on scientific, technical, or other specialized knowledge"); *Sutton v. Massachusetts Mut. Life Ins. Co.*, No. 18-cv-01273, 2020 WL 5765693, at *3 (S.D.N.Y. Sept. 27, 2020) (holding that, "because [the declarant] is a fact witness, [the court] ignore[s] any opinions as to the accessibility of the property from a legal standpoint, as well as any opinion based on scientific, technical, or other specialized knowledge").

Accordingly, for purposes of the pending summary judgment motion, the Court will disregard portions of the Cespedes declaration and references thereto in accompanying filings to the extent that they offer testimony that is expert or impermissibly legal in nature.  *See, e.g.*, *Sutton*, 2020 WL 5765693, at *3  (disregarding testimony from witness offered only as a lay witness to the extent that it was expert in nature or espoused legal opinions); *Briese Lichttechnik Vertriebs GmbH*, 2012 WL 5457681, at *6 (declining to consider declaration to the extent that it contained untimely expert testimony); *Scott*, 315 F.R.D. at 39 (striking declarant's testimony "to the extent he impermissibly testifie[d] to legal argument or legal conclusions"); *Pearlman v. Cablevision Sys. Corp.*, No. 10-cv-04992, 2015 WL 8481879, at *3, 10 (E.D.N.Y. Dec. 8, 2015) (striking testimony of the defendant's director of regulatory affairs because it contained "contract interpretation" and "legal analysis").

The Court will apply the foregoing principles when it considers the pending motion for summary judgment, rather than striking the Cespedes declaration in its entirety or scrutinizing each line or paragraph of the declaration at this point.  *See Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 569 (E.D.N.Y. 1999) (holding that the Court "will only consider facts that have been properly set-forth in accordance with the Federal Rules of Civil Procedure as well as

4

the Local Rules" when it decides the pending summary judgment motion, "rather than scrutinizing each line of [the challenged affidavits]"); *United States v. Alessi*, 599 F.2d 513, 515 (2d Cir. 1979) ("The district court judge was free to disregard the inadmissible paragraphs and consider the rest of the affidavit.").

    Accordingly, Plaintiff's request is GRANTED in part and DENIED in part. The Clerk of Court is respectfully directed to terminate ECF No. 58.

Dated: January 3, 2023
       New York, New York

                                      SO ORDERED.

                                      _____
                                      JENNIFER L. ROCHON
                                      United States District Judge