UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREJOS HERMANOS SUCESORES S.A., <br><br> Plaintiff, <br><br> -against- <br><br> VERIZON COMMUNICATIONS INC., <br><br> Defendant. | Case No. 1:21-cv-08928 (JLR) <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On January 23, 2024, the Court entered judgment against Verizon Communications Inc. ("Verizon"), requiring it to pay $106,354,185 and post-judgment interest at the federal statutory rate from the date of entry until payment. ECF No. 76 (the "Judgment"). On January 31, 2024, Verizon requested that the Court stay the Judgment pending appeal and waive the *supersedeas* bond requirement under Federal Rule of Civil Procedure ("Rule") 62(b) or, alternatively, impose a reduced bond requirement and extend Rule 62(a)'s 30-day automatic stay for an additional 30 days. ECF No. 79 ("Br.") at 1. On February 2, 2024, the Court stayed the Judgment until April 8, 2024, to provide time for the parties to brief the request. ECF No. 82. On February 14, 2024, Trejos Hermanos Sucesores S.A. ("Trejos Hermanos") opposed Verizon's motion, requesting that the Court deny Verizon's request to waive the bond requirement or, alternatively, require Verizon to place funds in escrow to secure the Judgment. ECF No. 85. Verizon replied in further support of its motion on February 21, 2024. ECF No. 86.

Rule 62(b) entitles a party to a stay of judgment "by providing a bond or other security." Fed. R. Civ. P. 62(b); *see also* Fed. R. App. P. 8(a)(1)(A) ("A party must ordinarily move first in the district court" for a stay pending appeal). "The purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while

protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (quotation marks and citation omitted). The Court "may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment." *Id.* (quotation marks and citation omitted). The Second Circuit has set forth five non-exclusive factors that a district court may consider in determining whether to waive the bond requirement: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id.* at 417-18 (citation omitted).

The Court declines in its discretion to waive the bond requirement in this case. First, the Court anticipates that the collection process for such a large judgment, to be paid to a foreign plaintiff, could be complex. Additionally, the Court notes that this litigation has been ongoing since 2008, *see Trejos Hermanos Sucesores S.A. v. Verizon Comm'cns Inc.*, No. 21-cv-08928 (JLR), 2024 WL 149551, at *1 (S.D.N.Y. Jan. 12, 2024), and that Trejos Hermanos has prevailed in every court that has examined the issues, *see id.* at *2, *15. Particularly under these circumstances, Trejos Hermanos is entitled to the Judgment "without substantial delay or difficulty." *Nassau Cnty.*, 783 F.3d at 418 (citation omitted). Further, as stated by another court, "Verizon's mere assertions of its wealth are [not] sufficient to justify waiving the bond requirement," especially given the size of the Judgment. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 10-cv-00248, 2011 WL 13114930, at *1 (E.D. Va. Oct. 25,

2011); *see Conte v. County of Nassau*, No. 06-cv-04746 (JFB), 2017 WL 9478355, at *4 (E.D.N.Y. May 4, 2017) (declining to waive bond requirement where, although the court was "confident that the [defendants] had the ability to pay the judgment," the defendants had not "submitted any evidence to establish that specific funds have been encumbered to cover the current judgment in plaintiff's favor"). There is also no indication that posting the bond would place Verizon in a precarious financial situation that would be detrimental to other creditors. The Court thus declines to waive the bond requirement.

Despite Verizon's alternative suggestion, the Court finds that a reduced bond requirement is not an acceptable alternative means of securing the Judgment. Br. at 5-6. A reduced bond will not ensure that the full Judgment will be satisfied "without substantial delay or difficulty," only that the *reduced* amount will be satisfied. *Nassau Cnty.*, 783 F.3d at 418 (citation omitted). The Court may have considered a reduced bond necessary if the full bond had posed a significant threat to Verizon's financial well-being, *see, e.g.*, *Tchrs. Ins. & Annuity Ass'n of Am. v. Ormesa Geothermal*, No. 87-cv-01259 (KMW), 1991 WL 254573, at *3 (S.D.N.Y. Nov. 21, 1991), but Verizon denies that such a threat exists, Br. at 4. Thus, the Court declines to impose a reduced bond requirement.

However, the Court does find that there is an "acceptable alternative means of securing the judgment" available to Verizon. *See Nassau Cnty.*, 783 F.3d at 417 (citation omitted). Rather than fulfill the bond requirement, Verizon could place the full amount of the Judgment plus expected interest in an interest-bearing escrow account. The Court finds that this would be an acceptable alternative means of securing the full amount of the Judgment under these circumstances.

To give Verizon time to consider these options and to arrange for a bond, if necessary, the Judgment is further stayed until May 8, 2024. Should Verizon elect to secure the

Judgment via the escrow option outlined above, Verizon should file a letter with the Court by May 8, 2024, providing evidence to the Court that the funds have been appropriately allocated into an escrow account. Otherwise, Verizon must proceed with the filing of a *supersedeas* bond. The Clerk of Court is respectfully directed to CLOSE the motion pending at ECF No. 78.

Dated: March 19, 2024
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge